UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 25-cr-00227 |
| VERSUS | |
| MATTHEW REARDON | MAG. JUDGE WHITEHURST |

## MOTION FOR PROTECTIVE ORDER

The United States of America, through its undersigned counsel, respectfully asks that this Court issue a protective order in the above-captioned matter because discovery materials and evidence contain sensitive courthouse security operational plans, and communications between the Marshal service and the Federal Judges at the John Shaw Courthouse, the disclosure of which could compromise security operations.

1.

Federal Rule of Criminal Procedure 16(d)(1) states that, "at any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).[1] The Supreme Court counseled long ago that "[t]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185

---

1  Given the nature of the relief requested, the government respectfully requests a deferral from the Court's Standing Discovery Order deadlines until the Court rules on this Motion. *See* Fed. R. Crim. P. 16(d)(1).

1

(1969); *see also United States v. Carriles*, 654 F. Supp. 2d 557, 566 (W.D. Tex. 2009) (citing *Alderman*). The party seeking the Protective Order "bears the burden of showing good cause." *Carriles*, at 565-66.

Additionally, when considering a protective order, a court "must consider whether the imposition of the protective order would prejudice the defendant." *Id.* at 566. Further, the Court, "should seek to ensure that disclosure of discovery materials to a defendant 'involve[s] a minimum hazard to others." *Id.* at 566; *see also Alderman*, at 185. Also, "[t]he good cause determination must also balance the public's interest in the information against the injuries that disclosure would cause." *Carriles*, at 566. The Fifth Circuit has held that discovery motions are matters committed to the sound discretion of the trial court and are reviewed only for abuse of discretion. *United States v. Stone*, 472 F.2d 909, 916 (5th Cir. 1973). Additionally, the Fifth Circuit has held that a district court's denial of a motion to modify a criminal protective order is reviewed for abuse of discretion. *See United States v. Morales*, 807 F.3d 717, 720 (5th Cir. 2015) (citing *United States v. Gurney,* 558 F.2d 1202, 1211 n. 15 *(*5th Cir. 1977*))*.

Certain discoverable materials are sensitive courthouse security operational plans, and communications between the Marshal service and the Federal Judges at the John Shaw Courthouse, communications between security officers of other courthouses and the Marshal service. Throughout this litigation the defendant has posted material obtained from the government online on YouTube. According to the defendant's own statement his incident arouses out of his desire to "stress test the system." Dissemination of the discovery would tend to reveal the methods or

operational behavior of the US Marshal in performing its courthouse security function. As such, good cause exists to enter the proposed protective order. *See United States v. Nava-Salavar*, 30 F.3d 788, 800-801 (7th Cir. 1994). Moreover, the proposed protective order balances the need to provide the defense with discovery with limiting the dissemination of sensitive law enforcement information.

2.

To prevent unauthorized access and disclosure of discoverable material containing sensitive law enforcement information and courthouse security data, the government requests the following order:

Defense Counsel of Record shall maintain all discovery materials in this case that contain sensitive court house security information and or law enforcement information in a secure place in which no person who does not have reason to know their contents has access, and shall restrict viewing of discovery of materials in this case containing said information only to the Defendant, Defense Counsel of Record, investigators of Defense Counsel of Record, and expert witnesses retained by Defense Counsel of Record. Defense Counsel of Record shall maintain possession of the original copy, or internal use duplicates, of said materials provided by the United States in discovery as described above, at all times, in either his custody or in the custody of an authorized agent, support personnel or investigator working under his supervision, and shall be prohibited from providing or leaving said documents or information with the Defendant, his associates, or any witnesses.

Defense Counsel of Record shall be prohibited from making copies of any security information including emails, camera footage, or other law enforcement sensitive materials that may tend to reveal the methods or operational behavior of the US Marshal in its security function provided in discovery, except for internal use purposes.

Defense Counsel of Record shall be prohibited from discussing or otherwise communicating about any said materials contained therein to any persons other than his client, or other support personnel procured by Counsel for the Defendant, unless such discussions or communications with other persons are for the purpose of representing the Defendant in the captioned criminal matter.

At the conclusion of the case, including any appeals, Defense Counsel of Record shall securely destroy the originals and all copies of said discovery and sensitive law enforcement materials and notify the Government and the Court of their compliance with the Order.

    Respectfully submitted,

    ZACHARY A. KELLER
    United States Attorney


    */s/ LaDonte A. Murphy*
    LADONTE A. MURPHY, LA# 31272
    Assistant United States Attorney
    800 Lafayette Street, Suite 2200
    Lafayette, LA 70501-7206
    (337) 262-6618