UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 25-cr-00227** |
| **VERSUS** | |
| **MATTHEW REARDON** | **MAG. JUDGE WHITEHURST** |

### ORDER

This matter is before the Court on the Motion of the United States of America seeking a Protective Order, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure. The Court, having considered the Motion, and being otherwise sufficiently advised, is of the opinion that the Motion should **GRANTED**.

**THE COURT FINDS** that the government has demonstrated "good cause," pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, for the Court to enter this Protective Order.

**THE COURT FINDS** that there is a serious potential of harm to individuals if the discoverable materials, which the Government intends to disclose to the Defendant, is disseminated in a manner other than that which is stated in this Order.

**THE COURT FINDS** that there is a serious potential that dissemination of the discovery would tend to reveal the methods or operational behavior of the US Marshal in performing its courthouse security function., if said discovery is disseminated in a manner other than that which is stated in this Order.

**THE COURT FINDS** for purposes of this Order, courthouse security information is defined as information including emails, camera footage, or other law enforcement sensitive materials that may tend to reveal the methods or operational behavior of the US Marshal in its security function provided in discovery.

**THEREFORE, IT IS HEREBY ORDERED THAT** Defense Counsel of Record and any authorized agent of Defense Counsel of Record, who are provided discoverable materials containing courthouse security information and sensitive law enforcement materials in the above-captioned matter:

Shall maintain all discovery materials in this case that contain courthouse security information and sensitive law enforcement materials in a secure place in which no person who does not have reason to know their contents has access, and shall restrict viewing of discovery of materials in this case containing said materials only to Defendant, Defense Counsel of Record, investigators of Defense Counsel of Record, support personnel working under the supervision of Defense Counsel of Record, and expert witnesses retained by Defense Counsel of Record. Defense Counsel of Record shall maintain possession of the original copy, or internal use duplicates, of said materials provided by the United States in discovery as described above, at all times, in either his custody or in the custody of an authorized agent, support personnel or investigator working under his supervision, and shall be prohibited from providing or leaving said documents or information with the Defendant, his associates, or any witnesses.

Defense Counsel of Record shall be prohibited from making copies of any said materials provided in discovery, except for internal use purposes.

Defense Counsel of Record shall be prohibited from discussing or otherwise communicating about any said materials contained therein to any persons other than the Defendant or other support personnel procured by Defense Counsel of Record unless such discussions or communications with other persons are for purpose of representing the Defendant in the captioned criminal matter.

At the conclusion of the case, including any appeals, Defense Counsel of Record shall securely destroy the originals and all copies of said discovery including sensitive law enforcement materials and notify the government and the Court of his compliance with this Order.

Done and signed on _____ in Lafayette, Louisiana

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE