# FEDERAL PUBLIC DEFENDER
## MIDDLE and WESTERN DISTRICTS OF LOUISIANA
### LAFAYETTE HEADQUARTERS
102 Versailles Boulevard, Suite 816
Lafayette, Louisiana 70501

**Rebecca L. Hudsmith**　　　　　　　　　　　　　　　　　　　　　　　　(337) 262-6336
**Federal Public Defender**　　　　　　　　　　　　　　　　　　　　　　　Fax (337) 262-6605
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(800) 731-4012

**Dustin C. Talbot**
**Appellate Chief**

September 8, 2025

LaDonte A. Murphy
Assistant United States Attorney
United States Attorney's Office
Western District of Louisiana
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501-6832

　　　　Re:　*United States v. Matthew Reardon*, Case No. 6:25-MJ-00153
　　　　　　　Request for Specific Discovery

Dear Mr. Murphy:

On behalf of Mr. Reardon, I request the following specific discovery pursuant to Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). I believe these materials to be in the custody or control of your office, the law enforcement agencies involved in this case, the General Services Administration, or Constellis:

### MULTIMEDIA EVIDENCE:

1. Any and all video and audio recordings of Matthew Reardon at the John M. Shaw United States Courthouse in Lafayette, Louisiana at any time between June 1, 2025, and the present day. This includes any security camera footage, surveillance footage, or any other video or audio recordings of Matthew Reardon or the incident that formed the basis for this case. This request applies regardless of the entity that holds the rights to the footage. This request applies to all parts of the courthouse, including the interior and exterior portions where Matthew Reardon travelled. Video recordings should be produced in their native format with metadata intact, including timestamps and system information.

**DEFENDANT'S EXHIBIT 2**

September 8, 2025
Page 2
_____

2. Any photographs/audio recordings/video recordings made by any Court Security Officers[1] or United States Marshal employees of the incidents relevant to this case, including those made on their personal cell phones or electronic devices.[2]

## REPORTS AND DOCUMENTARY EVIDENCE:

3. A copy of any and all reports, documents, emails, text messages, or other electronic communications written by any court security officer, United States Marshal, Lafayette Police Department, or any other law enforcement entity that relates to the incident that formed the basis for this case.[3]

4. A copy of any and all documents, reports, or writings that provided legal authority for the arrest of Matthew Reardon on August 25, 2025, that provided legal authority for his booking into the St. Martinville Jail on August 25, 2025, and that provided legal authority for his detention overnight until August 26, 2025. This includes any warrantless arrest documentation, given that the arrest warrant in this case post-dates Mr. Reardon's arrest and overnight detention.[4]

5. A copy of all booking paperwork from Matthew Reardon's arrest and booking on August 25, 2025.

6. A copy of each evidence log in this case documenting all items seized from Matthew Reardon by law enforcement, including chain of custody documents for each seized item.

_____

[1] Undersigned counsel believes that at least one court security officer filmed Mr. Reardon with the officer's cellphone during the interactions relevant to this case.

[2] The photographs and single video provided in initial discovery appear to be made from a handheld or mobile device, and not from stationary surveillance.

[3] Undersigned is aware that members of the USMS in the Western District of Louisiana communicated via email about Matthew Reardon to the USMS in the Northern District of Mississippi in late June 2025. Undersigned is also aware that the Supervisory Deputy U.S. Marshal wrote at least one report at or before June 24, 2025, about Matthew Reardon. Undersigned also believes that at least one court security officer also wrote a report around that same time. Undersigned is also aware that on at least one occasion when Mr. Reardon visited the courthouse, officers from the Lafayette Police Department were called and responded.

[4] The arrest warrant provided in this case is dated August 26, 2025.

September 8, 2025
Page 3
_____

7. All radio communications, dispatch logs, and transcripts from June 23, 2025, June 26, 2025, and August 25, 2025, involving courthouse personnel, law enforcement, or security contractors regarding Mr. Reardon or the incidents forming the basis for this case.

8. Any electronic communications, such as emails or text messages, between courthouse personnel or U.S. Marshal employees or relevant contractors concerning Matthew Reardon or the events that form the basis for this case.

9. Any communications with federal agencies outside the immediate case, including the Federal Bureau of Investigation, United States Secret Service, Department of Homeland Security, or Federal Protective Service, regarding Mr. Reardon or the incidents in this case.

10. Training records for all law enforcement and security personnel involved in the incidents, including materials related to handling individuals exercising First Amendment rights at federal facilities.

11. Any threat assessments, security briefings, or incident reports related to Mr. Reardon prepared by any government entity or contractor.

12. Security contracts with Constellis or other private contractors covering the relevant time period, including any modifications to security protocols between June 1, 2025, and August 26, 2025.

13. Any and all federal policies, information bulletins, guidance, or manuals from any federal agency including the Department of Homeland Security, Federal Protective Service, United States Marshals Service, Federal Bureau of Investigation, United States Secret Service, and the United States Department of Justice concerning the public's right to assemble, protest, or photograph federal buildings. This request includes all policies in effect during the period of June 1, 2025, through August 26, 2025.

## OTHER EVIDENCE:

14. Any evidence that tends to negate guilt, reduce punishment, or impeach the credibility of government witnesses, including any disciplinary records, complaints, or adverse personnel actions involving law enforcement personnel in this case.

15. If the government intends to call any expert witnesses regarding security procedures, photography restrictions, or federal building access, all reports, qualifications, and underlying data for such witnesses.

September 8, 2025
Page 4
_____

Please provide the requested discovery within thirty (30) days of the date of this letter. If any of the requested materials do not exist or are not in the government's possession, custody, or control, please so state in writing within the same timeframe. If the government declines to produce any requested materials, please provide the specific legal basis for such refusal within thirty (30) days.

The defense reserves the right to seek appropriate relief from the Court if the government fails to comply with this discovery request or to provide adequate justification for any refusal to produce requested materials.

                                               Sincerely,

                                               *s/Dustin C. Talbot*
                                               DUSTIN C. TALBOT
                                               Appellate Chief

/DCT