UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | CRIMINAL NO.: 6:25-CR-00227-01 |
| | * | |
| **VERSUS** | * | |
| | * | |
| **MATTHEW REARDON** | * | MAGISTRATE JUDGE LEBLANC |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY FROM GOVERNMENT (REC. DOC.41)**

The United States, by and through its undersigned counsel, hereby responds to the Defendant's Motion to Compel Discovery from Government and states as follows:

The Defendant requested that the Court order the Government to turn over to defense: Any and all video and audio recordings of Matthew Reardon at the John M. Shaw United States Courthouse in Lafayette, Louisiana at any time between June 1, 2025, and the present day. This includes any security camera footage, surveillance footage, or any other video or audio recordings of Matthew Reardon or the incident that formed the basis for this case.

The United States Government has provided all information and evidence in its possession to the defense through its standard discovery process. Any remaining requests for footage of this incident or of the Defendant is not in the possession or control of the U.S. Government. The John M. Shaw United States Courthouse does have surveillance cameras that capture multiple locations in and around the courthouse. The United States Marshal Service attempted to capture and preserve all footage contained in the

1

Defendant's request. However, data footage from several camera locations were unable to be preserved due to a technological error in the recording system. As a result, the government has provided all footage that was successfully preserved.

In addition, the Defendant requests all footage to "present date." There is no practicable way to review all courthouse security footage from the date of this incident to present date to determine if the Defendant returned to the courthouse. The Defendant was ordered by the court not to return to the courthouse as a condition of his pretrial release, so why would there be footage of him on the property post incident unless he violated the court's order?

WHEREFORE, the United States of America, through its undersigned counsel, respectfully asserts that the government's discovery obligations have been fulfilled. The standard discovery previously provided includes video evidence with a camera view that captures both audio and video from the nearest viewpoint, and that other surveillance video, even if the United States possessed it, would be cumulative or not relevant. As such, the position of the government is the Motion to Compel should be denied.

    Respectfully submitted,

    ZACHARY A. KELLER
    United States Attorney

    */s/LaDonte A. Murphy*
    LADONTE A. MURPHY, La. Bar No. 31272
    Assistant United States Attorney
    800 Lafayette Street, Suite 2200
    Lafayette, Louisiana 70501
    Telephone: (337) 262-6618